IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT M. TAYLOR, III et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNIVERSITY HEALTH SERVICES, INC. )<br>and PIEDMONT HEALTHCARE, INC., )<br>)<br>Defendants. ) | Civil Action File No. _____ |

## NOTICE OF REMOVAL

Defendants University Health Services, Inc. ("UHS") and Piedmont Healthcare, Inc. ("Piedmont Healthcare") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) & 1446. In support hereof, Defendants would show the Court the following:

1. Plaintiffs filed this action in the Superior Court of Richmond County, Georgia, on or about March 21, 2023. Copies of the summons and complaint (being all the process, pleadings, and orders served on the Defendants on March 23, 2023) are attached hereto as "Exhibit A." *See* 28 U.S.C. § 1446(a).

2. Plaintiffs' complaint purports to assert state law claims arising out of Defendants' alleged failure to abide by the terms and conditions of an employer-sponsored benefit program providing Medicare supplement benefits to retirees, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This employer-sponsored benefit program is an "employee welfare benefit plan," as defined by ERISA. *See* 29 U.S.C. § 1002(1); ERISA § 3(1).

3. Specifically, plaintiffs allege that the benefits provided by Defendants pursuant to the ERISA plan are "lifetime" benefits that cannot be modified or terminated. Compl., ¶¶ 7-8 &

12-13. Plaintiffs further contend that, because Defendants have advised the purported "lifetime" benefits "will not necessarily be effective in the future," Defendants have breached the terms of the ERISA plan and have created uncertainty as to whether "these contractual benefits will continue" as originally promised. *Id.*, ¶¶ 16-18.

4. Because plaintiffs seek to enforce their rights to benefits under an ERISA plan, their state law action falls squarely within the scope of ERISA's exclusive civil enforcement scheme, which creates a comprehensive scheme for employee welfare benefit plans and provides the exclusive means by which participants, such as plaintiffs here, may bring a civil action to recover benefits or enforce or clarify their rights. *See* ERISA § 502(a); 29 U.S.C. § 1132(a) (allowing ERISA participants to recover benefits due, to enforce rights under a benefit plan or to clarify rights to future benefits); *see also Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 597 (11th Cir. 2019) (referring to ERISA's broad preemption powers as "super preemption"); *Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 456 (11th Cir. 2007) (describing ERISA's comprehensive and exclusive regulatory scheme). ERISA therefore provides the exclusive remedy for resolution of the claims asserted in the complaint and plaintiffs' state action is completely preempted by ERISA Section 502(a).

5. This action is subject to removal under 28 U.S.C. § 1441(a) because plaintiffs' claims and rights against Defendants, if any, are completely preempted by ERISA and, therefore, arise under the laws of the United States for purposes of removal jurisdiction. *See* 29 U.S.C. § 1132(a); 28 U.S.C. § 1331; 29 U.S.C. § 1132(e)(1); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004) (holding that ERISA wholly displaces state-law causes of actions through complete preemption and thus, the state-law causes of action can be removed); *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1211-1212 (11th Cir. 1999) ("When Congress

comprehensively occupies a field of law, 'any civil complaint raising this select group of claims is necessarily federal in character' and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331.") (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).

6. Following Supreme Court and Eleventh Circuit directives, courts consistently have found state law claims similar to those asserted by plaintiffs here to be completely preempted by ERISA, and thus, properly subject to removal. *See, e.g.*, *Smith*, 238 F. App'x at 458 (employee's state law claims against employer for breach of implied covenant of good faith and fair dealing and alleged failure to comply with promise to enroll employee in benefit plan were completely preempted by ERISA and properly removed); *Knox v. Am. Pro. Assocs., LLC.*, 2020 WL 6930447, *1-4 (N.D. Ga. 2020) (employees' state law claim against employer for breach of contract based on alleged past practice of paying severance benefits was completely preempted by ERISA and properly removed); *Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1340 (M.D. Fla. 2015) (plaintiff's state action seeking to enforce rights under insurance policy was completely preempted by ERISA and, therefore, properly removed).

7. This Notice of Removal is filed within the time limit for the removal of civil actions pursuant to 28 U.S.C. § 1446(b).

8. Venue is proper in this Court because the Southern District of Georgia, Augusta Division, encompasses Richmond County. *See* 28 U.S.C. § 1446(a).

9. A true and correct copy of this Notice of Removal will be served upon plaintiffs, by and through their counsel of record, as required by 28 U.S.C. § 1446(d).

10. Defendants will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of Richmond County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully notify this Court, the state court, and plaintiffs of the removal of this action from the Superior Court of Richmond County to the United States District Court for the Southern District of Georgia, Augusta Division.

Dated: April 19, 2023.

Respectfully submitted,

<u>/s Edward H. Wasmuth, Jr.</u>
Edward H. Wasmuth, Jr., Georgia Bar No. 739636
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3503
ewasmuth@sgrlaw.com

Emily E. Friedman
(admission application in process)
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3948
efriedman@sgrlaw.com

*Attorneys for Defendants University Health Services, Inc. and Piedmont Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing pleading upon all parties to this proceeding by causing true and correct copies thereof to be deposited in the United States mail, proper first class postage prepaid, addressed as follows:

John B. Long<br>
Thomas W. Tucker<br>
P.O. Box 2426<br>
453 Greene Street<br>
Augusta, GA 30903

Date: April 19, 2023.

<u>s Edward H. Wasmuth, Jr.</u><br>
Edward H. Wasmuth, Jr., Georgia Bar No. 739636<br>
SMITH GAMBRELL & RUSSELL, LLP<br>
1105 W. Peachtree Street, NE<br>
Suite 1000<br>
Atlanta, GA 30309<br>
404.815.3503<br>
ewasmuth@sgrlaw.com<br>

*Attorneys for Defendants University Health Services, Inc. and Piedmont Healthcare, Inc.*

SGR/42419372.3