**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| ROBERT M. TAYLOR, III et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00047-JRH-BKE |
| | ) | |
| UNIVERSITY HEALTH SERVICES, INC. | ) | |
| and PIEDMONT HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Edward H. Wasmuth, Jr.
Georgia Bar No. 739636
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3503
ewasmuth@sgrlaw.com

Emily E. Friedman
(admission application in process)
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3948
efriedman@sgrlaw.com

*Attorneys for Defendants University Health*
*Services, Inc. and Piedmont Healthcare, Inc.*

Table of Contents

Page

PRELIMINARY STATEMENT ...................................................................................1

SUMMARY OF ALLEGATIONS ...............................................................................2

ARGUMENT AND CITATION OF AUTHORITY .....................................................3

I.    Standard of Review. ...........................................................................................3

II.   Plaintiffs' Claims are Defensively Preempted by ERISA. ................................4

III.  Plaintiffs Have No Standing Under Article III of the Constitution...................6

IV.   The Exhibits to Plaintiffs' Complaint Directly Contradict their Allegations of Vested "Lifetime" Benefits. .........................................................................................9

CONCLUSION...........................................................................................................11

Defendants University Health Services, Inc. ("UHS") and Piedmont Healthcare, Inc. ("Piedmont") (collectively, "Defendants"), by and through their undersigned counsel, move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint,[1] in its entirety and with prejudice. In support of this motion, Defendants rely upon and refer the Court to their below memorandum of law and the entire record in this matter.

## PRELIMINARY STATEMENT

Plaintiff's Complaint attempts to assert state law claims arising out of Defendants' alleged failure to abide by the terms and conditions of an employer-sponsored benefit program providing Medicare supplement benefits to retirees, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). More specifically, Plaintiffs seek a declaration from the Court ordering Defendants to continue to pay for plaintiffs' supplemental Medicare coverage for the rest of their lives.  Because Plaintiffs' state claims seek to enforce and/or clarify their entitlement to ERISA-governed benefits and rights under an ERISA plan, it is preempted by ERISA's broad preemption provision, ERISA § 514(a), 29 U.S.C. § 1144(a).

ERISA's preemption provision provides that ERISA's civil enforcement scheme – ERISA § 502(a), 29 U.S.C. § 1132(a) – shall be an ERISA participant's exclusive vehicle for any action seeking benefits or to enforce rights under an ERISA plan. Thus, Plaintiff's state law causes of action are barred and subject to immediate dismissal on ERISA preemption grounds.

Plaintiffs' only possible claim under ERISA (which was not pleaded) would be a claim pursuant to § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). However, even if this Court were to recast Plaintiffs' Complaint as asserting such a claim, the claim still would be subject to dismissal as a matter of law under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As an initial matter, Plaintiffs have not

---

[1] A copy of Plaintiffs' Complaint was filed as an exhibit to Defendants' Notice of Removal. *See* Doc. 1-1.

1

plausibly alleged, as they must, any injury sufficient to satisfy Article III standing requirements and therefore the Court lacks subject matter jurisdiction. Moreover, such claim also would be subject to dismissal because the exhibits Plaintiffs attach and refer to throughout their Complaint directly belie Plaintiffs' conclusory allegation that there was a written agreement or promise to provide Plaintiffs with the free "lifetime" benefits they now seek.

For all of these reasons, and those discussed more fully below, Plaintiffs' Complaint should be dismissed with prejudice. Plaintiffs cannot plead any additional facts to cure their legally defective claims and thus, further amendment would be futile.

## SUMMARY OF ALLEGATIONS

Plaintiffs are former employees of UHS. Compl., ¶ 1. They allege that UHS and Piedmont (which assumed certain obligations of UHS) are bound by "contractual obligations" to provide Plaintiffs with a free Medicare supplemental insurance policy for life. *Id.*, ¶¶ 4 & 7. Specifically, Plaintiffs allege that, in connection with their employment, UHS provided them with written documentation promising them Medicare supplement benefits "free of charge" or "at no cost" for each of their lives. *Id.*, ¶¶ 1, 3, 5, 7 – 11. Plaintiffs assert the documents attached to their Complaint as "Exhibit A" constitute the written agreements promising Plaintiffs these free lifetime benefits. *Id.* ¶¶ 7-9 & 11.

Plaintiffs further allege that Defendants have "now informed [plaintiffs] that this lifetime benefit [*i.e.,* payment of the premiums for the supplemental coverage] will not necessarily be effective in the future." *Id.*, ¶ 12. Plaintiffs point to a communication from Piedmont, attached as "Exhibit B" to the Complaint, to substantiate their allegation. The communication provides as follows:

> This notice is to follow up on prior communications about the [premiums for] health benefits for retirees of Piedmont Augusta who had 30+ years of employment. Piedmont has received and considered feedback from several retirees, including

2

> Robert Taylor, as representative of this group on 12/20/22, and Robert Taylor[,] Deborah Mangum and Ken Sweatman on 1/11/23. ***Piedmont continues to offer these [premium] health benefits and no changes are planned at this time. Piedmont will continue to communicate with Mr. Taylor, Ms. Mangum and Mr. Sweatman going forward and in advance of any possible changes to this voluntary program in the future***.

*Id*., Exhibit B (emphasis added).

Plaintiffs seek prospective relief from the Court as a result of the alleged "uncertainty" around whether Defendants will continue to pay for the cost of the supplemental benefits coverage. *Id.*, ¶ 18 & "Wherefore" Clause. Plaintiffs allege they are entitled to such extraordinary relief because the uncertainty around the cost of the coverage "makes it difficult for the older Plaintiffs to plan their future." *Id.*, ¶¶ 16 – 18.  Specifically, Plaintiffs seek a declaration

> declaring that the Defendants and their successors and assigns are required to honor the terms and provisions of the agreements attached hereto and marked Exhibit "A" and to provide the Plaintiffs named above the Medicare supplement benefit policies free of charge as was agreed for each of their lives.

*Id.*, "Wherefore" Clause, paragraph (b).  Plaintiffs also seek the recovery of costs and attorney's fees. *Id.*, paragraph (c).

## ARGUMENT AND CITATION OF AUTHORITY

### I.   <u>Standard of Review.</u>

When considering motions to dismiss under Rule 12(b)(1) or Rule 12(b)(6), courts need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "formulaic recitation[s] of the elements of a cause of action," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "Plausibility is the key, as the well-pled allegations must nudge the claim across the line from conceivable to plausible." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (internal

quotation omitted).  A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

At the motion to dismiss stage, the Court may properly consider facts alleged in the complaint, any documents either attached to or incorporated by reference in the complaint, and matters of which the Court may take judicial notice. *See Quinette v. Reed*, 805 F. App'x 696, 700 (11th Cir. 2020). "Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents as part of the pleading for purposes of Rule 12(b)(6) dismissal." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (internal citations omitted).

## II.   **Plaintiffs' Claims are Defensively Preempted by ERISA.**

Plaintiffs' Complaint seeks a declaration from the Court that Defendants cannot terminate the purported "contract" they have with Plaintiffs to provide them with lifetime benefits. Compl., ¶ 18 & "Wherefore" Clause, paragraph (b).  Because the referenced "contract" is an ERISA plan, and Plaintiffs seek a determination from this Court regarding their rights and benefits entitlement under such plan, their state law claims for declaratory and related relief (including attorney's fees) are preempted by ERISA's broad preemption clause and foreclosed by ERISA's exclusive enforcement and remedial scheme.

ERISA Section 514(a) – ERISA's defensive preemption clause – provides that ERISA shall supersede any and all state laws that "relate to" an employee benefit plan.  *See* 29 U.S.C. §

4

1144(a).[2]  In recognizing the "clearly expansive" breadth of ERISA's preemption provision, the Supreme Court has held that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146-47 (2001) (citing *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97 (1983)). Courts within this Circuit adhere to this same test when applying ERISA's preemption provision. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179–80 (11th Cir. 2006) ("[T]he sweep of ERISA preemption is broad, applying well beyond those subjects covered by ERISA itself.") (citing *Shaw*, 463 U.S. at 98-99); *Butero*, 174 F.3d at 1215 ("defensive preemption defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan").

Here, it is clear that Plaintiffs' action has a connection with an ERISA plan. The purported "contract" to provide the "free" Medicare supplement benefits to Plaintiffs is an "employee welfare benefit plan," as such term is defined under ERISA Section 3(1):

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical or hospital care or benefits, or [various additional enumerated categories of benefits].

29 U.S.C. § 1002(3). None of the facts relevant to the ERISA plan issue are in dispute. Plaintiffs plead they were all employees of UHS and that UHS (and later Piedmont), in their employer capacities, established and maintained a benefits program for purposes of providing certain employees Medicare supplement benefits. *See* Compl., ¶¶ 1, 3, 4, 7-12 (alleging the

---

[2] "Defensive preemption" under ERISA Section 514 is a "substantive defense," and thus, differs from "complete preemption," which is jurisdictional in nature and serves as a basis for removal. Defensive preemption is <u>broader</u> than complete preemption, and provides an affirmative defense against any state law claim that "relates to" an ERISA plan. *See Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 597 (11th Cir. 2019) (explaining the difference between defensive and complete preemption). Significantly, if a plaintiff's claims are superpreempted for removal purposes, they are also defensively preempted as a matter of law. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999).

employer/employee relationship and that they were furnished with benefits and documentation outlining the terms and conditions and eligibility requirements of those benefits).

Further, Plaintiffs' Complaint seeks a determination of their rights and benefits under the ERISA plan, including a declaration that Defendants "are required to honor the terms and provisions" of the plan "and to provide [plaintiffs] the Medicare supplement benefit policies free of charge as was agreed to for each of their lives."  Compl., "Wherefore" Clause, paragraph (b). By Plaintiffs' own pleading, their only claim is under the terms and conditions of the ERISA plan. Indeed, the Court cannot resolve Plaintiffs' claims that benefits are due and owing, or that they are entitled to any declaratory relief with respect to such benefits, without referencing the ERISA plan.

In sum, Plaintiffs' lawsuit seeks relief flowing directly from an ERISA plan and, therefore, is inextricably intertwined with such plan. Accordingly, all of Plaintiffs' state law claims and claims for related relief (including costs and attorney's fees) are defensively preempted by ERISA and subject to dismissal as a matter of law. *See Jones,* 457 F.3d at 1180 (affirming dismissal of state law claims against employer alleging wrongful termination of health insurance coverage on ERISA preemption grounds); *Thoms v. Advanced Tech. Sys. Co.,* 2020 WL 4016244, *4-5 (M.D. Ala. July 16, 2020) (dismissing state law claims against employer arising out of reliance on alleged promises made by employer to provide life insurance coverage); *see also Franklin v. QHG of Gadsden, Inc*., 127 F.3d 1024, 1029 (11th Cir. 1997) (affirming dismissal of plaintiff's state law claim that employer committed fraud and other state law violations by falsely promising continued medical coverage if participant would accept position with employer).

## III.   Plaintiffs Have No Standing Under Article III of the Constitution.

As demonstrated above, Plaintiffs' Complaint should be dismissed in its entirety because it is preempted by ERISA. However, even if the Court declines to dismiss the state law claims because of ERISA preemption – and instead recasts them as a claim under ERISA Section

502(a)(1)(B) – such claim still should be dismissed because Plaintiffs lack standing under Article III of the Constitution to bring their suit.

A plaintiff must have Article III standing for each claim pursued in federal court. *Town of Chester, NY v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (a plaintiff "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought") (internal quotations and citations omitted). To have Article III standing, a plaintiff must show: (1) injury-in-fact, (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant, and (3) that the injury will be redressed by a favorable judicial decision. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal quotation marks omitted). "These requirements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* (internal quotation marks omitted)

To satisfy the "injury-in-fact" requirement when, like here, a plaintiff seeks declaratory relief (rather than damages for past harm), the plaintiff must allege facts sufficient "from which it appears there is a 'substantial likelihood that he will suffer injury in the future.'" *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019) (internal quotations and citations omitted). A plaintiff must show the controversy between the parties is not "conjectural, hypothetical, or contingent; ***it must be real and immediate, and create a definite, rather than speculative threat of future injury***." *Id.* at 1210 (emphasis added); *see also Hall v. Aetna Life Ins. Co.*, 759 F. Supp. 2d 1321, 1327 ("Allegations of ***possible*** future injury do not satisfy the requirements of Art. III.") (citations omitted) (emphasis added). "The purpose of the injury-in-fact requirement is to reserve limited judicial resources for individuals who face ***immediate, tangible harm*** absent the grant of declaratory or injunctive relief." *Id.* at 1326-27 (citing *Bowen v. First Family Fin. Serv., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000)) (internal

quotations omitted) (emphasis added). "When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003).

Here, Plaintiffs fail to plead an injury-in-fact sufficient to confer Article III standing. All plaintiffs allege is "uncertainty" as to whether the purported "contractual benefits" will continue for life. Compl., ¶¶ 16 – 17. These allegations of possible future injury become even more speculative when read in conjunction with Piedmont's statement (included as an exhibit to the Complaint) that Piedmont will continue to offer the "free" benefits because no changes are currently planned:

> ***Piedmont continues to offer these health benefits and no changes are planned at this time.*** Piedmont will continue to communicate with [certain named plaintiffs] going forward and in advance of any possible changes to this voluntary program in the future.

*Id.*, Ex. B (emphasis added).

In short, Plaintiffs seek to challenge a potential change to a benefit program that may never happen. These conclusory allegations are too hypothetical and contingent, as a matter of law, to sustain a claim for the extraordinary relief Plaintiffs seek here in the form of a declaration from the Court requiring Defendants to pay Plaintiffs' Medicare supplement premiums for life. *See Bowen*, 233 F.3d at 1340-41 (affirming dismissal of claim challenging enforceability of arbitration agreement where there was "at most a 'perhaps' or 'maybe' chance" that the agreement would be enforced against plaintiffs in future); *Yonan v. Walmart, Inc.*, 591 F. Supp. 3d 1291, 1305 (S.D. Fla. 2022) (dismissing claim because plaintiffs' allegations suggesting possible future injury were too speculative to merit declaratory relief as a matter of law); *Maisonet v. Dunn*, 2021 WL 5774552, *3 (S.D. Ala. Nov. 2021) (recommending dismissal of claim where plaintiff "alleges no facts to indicate that the threatened injury is certainly impending") (internal quotations omitted),

*report and recommendation adopted,* 2021 WL 5772067 (S.D. Ala. Dec. 6, 2021). Accordingly, Plaintiffs do not have Article III standing and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., id.* (dismissing claims for injunctive and declaratory relief pursuant to Rule 12(b)(1) where plaintiffs failed to allege facts sufficient to demonstrate Article III standing).

**IV.**     **The Exhibits to Plaintiffs' Complaint Directly Contradict their Allegations of Vested "Lifetime" Benefits.**

Even if the Court recasts Plaintiffs' Complaint as stating an ERISA benefit claim, and also determines plaintiffs have sufficiently demonstrated Article III standing to pursue such claim, Plaintiffs' Complaint still must be dismissed as a matter of law because it fails to state any plausible entitlement to relief. More specifically, the documents attached as Exhibit A to Plaintiffs' Complaint (collectively, the "Exhibits") – which plaintiffs allege constitute the "written agreement" to provide them with free Medicare supplement benefits for life – directly contradict Plaintiffs' conclusory allegations regarding the content of such materials.[3]

In the Complaint, Plaintiffs allege that the materials within Exhibit A contain written representations by UHS that it would provide plaintiffs with the Medicare supplement benefit "free of charge as was agreed for each of their lives." *See* Compl., ¶¶ 7 – 9, 15 – 18 & Wherefore Clause, paragraph (b). But it is readily apparent from the face of the Exhibits themselves that no such representation or contractual promise exists. At most, the Exhibits confirm a fact that is not in dispute: in prior years, UHS provided a Medicare supplement at no cost to certain former employees. All the referenced rate sheets indicate is that the Medicare supplement benefit was free for the particular year indicated at the top of the sheet. In fact, the annual rate sheets demonstrate

---

[3] Exhibit A consists of rate sheets showing annual premium rates for various years between 2008 and 2017, separate communications to two individual retirees referencing the free supplement, and a single page from the employee health plan's summary annual report.

that the cost associated with the supplemental coverage could change from year to year, as evidenced by the fact that a new rate sheet was published each year. No plausible inference of a contract, let alone a contractual promise to provide vested benefits <u>for life</u>, can be drawn from any page of the Exhibit.

Permitting any such inference based on Plaintiffs' Complaint and supporting exhibits also would run afoul of ERISA's basic tenet that employers are free to modify or terminate medical benefits at any time and that employees have no right to vested (or lifetime) benefits unless such right is expressly spelled out in the plan documents. *See generally* ERISA §§ 201 – 306, 29 U.S.C. §§ 1051 – 1085a (imposing minimum participation, funding, and vesting requirements for ERISA-governed pension benefits, but not ERISA-governed welfare plans). Indeed, the Supreme Court reinforced this rule in *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015) when addressing the viability of a group of retirees' claim that their former employer had broken a promise of contribution-free healthcare benefits for life. There, the retirees sued their employer seeking relief under ERISA Section 502(a)(1)(B). The Sixth Circuit permitted the retirees' claim to proceed based on an inference that parties to a collective bargaining agreement would intend retiree benefits to vest for life. The Supreme Court, however, vacated the Sixth Circuit's holding and held that no lifetime promise may be inferred from the agreement:

> Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; ***the intent to vest must be found in the plan documents and must be stated in clear and express language*** . . . That principle does not preclude the conclusion that the parties intended to vest lifetime benefits for retirees. Indeed, we have already recognized that "a collective-bargaining agreement [may] provid[e] in explicit terms that certain benefits continue after the agreement's expiration. ***But when a contract is silent as to the duration of retiree benefits, a court may not infer that the parties intended those benefits to vest for life***.

574 U.S. at 441-42 (emphasis added).

10

The same principles apply here. Because neither the Exhibit materials relied upon by Plaintiffs nor ERISA permit Plaintiffs any plausible inference as to the existence of a written promise to provide them with lifetime benefits, Plaintiffs' Complaint – even if recast as an ERISA claim – fails to state a claim and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

Plaintiffs' Complaint fails to state any viable state-law or ERISA claim. Therefore, for the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated: April 26, 2023.

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served the within and foregoing pleading upon all parties to this proceeding by causing true and correct copies thereof to be deposited in the United States mail, proper first class postage prepaid, addressed as follows:

John B. Long
Thomas W. Tucker
P.O. Box 2426
453 Greene Street
Augusta, GA 30903

I further certify that, on this day, I also electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

Dated: April 26, 2023.

Respectfully submitted,

*/s Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr., Georgia Bar No. 739636
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3503
ewasmuth@sgrlaw.com

*Attorneys for Defendants University Health*
*Services, Inc. and Piedmont Healthcare, Inc.*

12