IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT M. TAYLOR, III, et al.  ) | |
| ) | |
| PLAINTIFFS,  ) | |
| ) | CASE NO. |
| VS.  ) | 1:23-cv-00047-JRH-BKE |
| ) | |
| UNIVERSITY HEALTH SERVICES, INC. ) | |
| and PIEDMONT HEALTHCARE, INC.,  ) | |
| ) | |
| DEFENDANTS  ) | |

**MOTION TO REMAND**

NOW COME the Plaintiffs in the above-captioned case and, pursuant to the provisions of 28 U.S.C. § 1447(c), move that this case be remanded to the Superior Court of Richmond County, Georgia, and in support thereof show:

1. That the 174 named Plaintiffs are former employees of University Health Services, Inc. ("UHS") and were first employed prior to January 1, 2005 and have thirty (30) or more years of continuous service of UHS as employees.

2. That UHS, as part of its policy of trying to retain employees by granting to them incentives to continue with UHS told employees that it would provide Medicare supplemental benefits at no cost to its employees at age 65 or once an employee was Medicare eligible; and, pursuant to that written representation, Plaintiffs accepted that offer, did not take jobs with other health care providers, and continued their employment at University Hospital.

3. That the assets of UHS are owned by the Richmond County Hospital Authority, which was created by virtue of the Hospital Authority law, all as provided for in O.C.G.A. § 31-7-70, et seq., and the lease of these assets and UHS is still subject to governmental control. *See*, Richmond

County Hospital Authority v. Richmond County, 255 Ga. 183, 336 S.E.2d 562 (1985). Any and all governmental plans under 29 U.S.C. § 1002(32) includes any plan of a political subdivision of a state or by any agency or instrumentality of any such subdivision of a state, such as the Richmond County Hospital Authority.

4. That the Richmond County Hospital Authority is a related subdivision of a state in that it holds assets of the government and that it is subject to the Georgia Open Records Act. See, Smith v. Northside Hospital, Inc., 302 Ga. 517, 807 S.E.2d 909 (2017); Smith v. Northside Hospital, Inc., 347 Ga. App. 700, 820 S.E.2d 758 (2018).

5. That in addition, the plan to provide free Medicare supplemental benefits is an excess plan under 28 U.S.C. § 1003(b) and (b)(5).

6. That the Defendants have the burden of proving federal court jurisdiction and that have to do so in their petition.

7. That for the reasons set forth herein and for the reasons set forth in the attached brief, Plaintiffs move that this Court remand the above-captioned case to the Superior Court of Richmond County, Georgia.

This 5th day of May, 2023.

/s/ **John B. Long**
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200

/s/ **Thomas W. Tucker**
THOMAS W. TUCKER, ESQ.
Georgia State Bar No. 717975

Attorneys for Plaintiffs

OF COUNSEL:

TUCKER LONG, P.C.
P. O. BOX 2426
453 GREENE STREET
AUGUSTA, GA  30903
(706) 722-0771
(706) 722-7028 Fax
jlong@tuckerlong.com
ttucker@tuckerlong.com

3

## CERTIFICATE OF SERVICE

This is to certify that on this date, the foregoing *Motion to Remand* was filed with the Clerk of Court in accordance with ECF rules using the CM/ECF system and was served electronically upon counsel for the other parties and by placing a copy of same in the United States Mail with adequate postage thereon, properly addressed to:

Edward H. Wasmuth, Jr., Esq.
Emily E. Friedman, Esq.
Smith Gambrell & Russell, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA  30309
ewasmuth@sgrlaw.com
efriedman@sgrlaw.com

This 5th day of May, 2023.

/s/*John B. Long*
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200

/s/*Thomas W. Tucker*
THOMAS W. TUCKER, ESQ.
Georgia State Bar No. 717975

Attorneys for Plaintiffs