**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| ROBERT M. TAYLOR, III et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00047-JRH-BKE |
| | ) | |
| UNIVERSITY HEALTH SERVICES, INC. | ) | |
| and PIEDMONT HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF**
**REGARDING DEFENDANTS' MOTION TO DISMISS**

Plaintiffs' second supplemental brief in further opposition to Defendants' motion to dismiss (Doc. 29) and the supplemental affidavit of Robert M. Taylor, III (Doc. 30) repeat the same legal arguments previously set forth in their remand papers and prior supplemental briefing on Defendants' motion to dismiss – namely, that the challenged Medicare supplement benefit program is not an "employee welfare benefit plan" as defined by ERISA because there is no written plan document. Plaintiffs' argument ignores the proper ERISA plan analysis and the relevant criteria courts consider as part of the requisite legal test. As set forth below (and as previously briefed by Defendants), Plaintiffs' "written plan" argument is a complete red herring and has no bearing on this Court's determination as to whether the challenged Medicare supplement benefit program is an ERISA plan.[1]

---

[1] Plaintiffs' "written plan" argument also has no bearing on Defendants' other arguments in support of their motion to dismiss, including that Plaintiffs' Complaint remains subject to dismissal as a matter of law because they have failed to sufficiently allege injury sufficient to satisfy Article III standing requirements and because the exhibits Plaintiffs attach to their Complaint directly contradict all of Plaintiffs' conclusory allegations there was a written agreement or promise to provide Plaintiffs with the free "lifetime" benefits they now seek. *See* Doc. 4, pp. 8 – 13 of 14 & Doc. 17, pp. 8 – 10 of 11.

Contrary to Plaintiffs' assertion, no written plan is required for an ERISA plan finding. *See* 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan" as "*any* plan, fund *or* program . . .") (emphasis added); *Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir. 1982) (written plan document not required to support ERISA plan finding and is not a prerequisite to coverage under ERISA); *Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1347-48 (M.D. Fla. 2015) (ERISA "plan, fund, or program does not have to be written or otherwise formalized . . . what matters is whether the employer 'intended to establish or maintain a plan to provide benefits to its employees as part of the employment relationship'"); *Lipscomb v. Transac, Inc.*, 749 F. Supp. 1128, 1133 (M.D. Ga. 1990) ("Clearly, an ERISA plan and coverage may emerge where no writing is present"); *see also Williams v. Wright*, 927 F.2d 1540, 1543 (11th Cir. 1991) (ERISA coverage issues are to "be construed liberally") (citing *Donovan*). The case law on this issue is well-settled, and thus, it is not surprising that Plaintiffs do not – and cannot – offer legal authority to support their misplaced argument that the benefit program at issue here is not an ERISA plan because there is no written plan document.

In any event, even assuming written plan documents were relevant to the ERISA plan inquiry (which they are not), written plan documents do exist, including (but not limited to) the Medicare supplemental benefit election paperwork (Doc. 16-1 & Doc. 16-5), the policies outlining the benefit program's eligibility criteria (referenced in Plaintiffs' Complaint and also in Mr. Taylor's most recent supplemental affidavit (Doc. 30)), and the Medicare supplement policies themselves, issued by the insurance carriers, outlining the terms and conditions of the supplemental medical coverage (also now referenced in and attached to Mr. Taylor's supplemental affidavit (Doc. 30, ¶ 3 & Ex. A)).

SGR/43009275.1

Rather than citing to any case law supporting their argument that a written plan is required to support an ERISA plan finding, Plaintiffs instead essentially argue the lack of an express reference to an "ERISA plan" in actuarial and accounting documents related to the Medicare supplement program demonstrates there is no ERISA plan. More specifically, Plaintiffs proffer three documents (attached as exhibits to Mr. Taylor's affidavit) allegedly related to the Medicare supplement benefit program and prepared by third-party plan actuaries and accountants – a financial "study," an "Actuarial Valuation Report," and "supporting information" for the actuarial report (Doc. 30, ¶¶ 7 – 8 & Exs. B – D).  As Plaintiffs' logic goes, because these documents do not contain the phrase "ERISA plan" or "employee welfare plan," there can be no ERISA plan finding.  Doc. 29, pp. 1 – 2.  The argument is legally insufficient to demonstrate the challenged Medicare supplement benefit program is not an ERISA plan and, therefore, cannot salvage Plaintiffs' state law claims (doomed by ERISA's broad preemption provision).

As an initial matter, the referenced exhibits should be wholly disregarded by the Court because they have not been authenticated, were not prepared by Mr. Taylor or any other party to this action, were obtained by unidentified third-parties, and, according to Mr. Taylor's own testimony, are not complete.  *See* Doc. 30, ¶¶ 7 – 8 & 10 – 11.  The exhibits also should be disregarded because Plaintiffs have improperly submitted them as "evidence" in opposition to a motion to dismiss.  *See Lighting Science Group Corp. v. Hyperikon, Inc.*, 2016 WL 3996378, *2 (M.D. Fla. July 25, 2016) (rejecting declaration filed by plaintiff because courts are prohibited from considering evidence improperly submitted in opposition to a motion to dismiss).

Moreover, contrary to Plaintiffs' characterization, the referenced exhibits consistently refer to the Medicare supplement benefits as being provided pursuant a benefit plan.  In fact, there are

SGR/43009275.1

myriad references throughout the proffered documents to a "Postretirement Benefits Plan" and "a plan."[2]

Finally, and most significantly, the referenced documents have no legal relevance to the ERISA plan issue.  Plaintiffs have offered them at this late juncture in an attempt to distract the Court from the pertinent ERISA plan analysis and the litany of case law cited by Defendants in support of their motion to dismiss and opposition to Plaintiffs' remand motion.  Notably, none of the governing case law supports Plaintiffs' new argument that the omission of the terms "ERISA" or "employee welfare plan" from an actuarial analysis would be relevant to, let alone doom, an ERISA plan finding.  The proper legal analysis is <u>not</u> (as Plaintiffs aver) whether any magic words are used by plan actuaries or accountants, but rather whether the challenged benefits were provided pursuant to a "plan, fund or program." *See* Doc. 16, pp. 6 – 8 (setting forth the requisite legal analysis and citing cases); Doc. 25, p. 8 (same).  As demonstrated in Defendants' prior briefing on the subject, <u>all</u> of the requisite ERISA "plan, fund or program" criteria are satisfied here.  *See* Doc. 16, pp. 7 – 8 & Doc. 25, pp. 8 – 9 (listing the requisite criteria and providing record cites, including citations to Plaintiffs' <u>own allegations</u> in their Complaint, to demonstrate they are satisfied).

For all of these reasons, and those set forth in Defendants' prior briefing in support of their motion to dismiss (Docs. 4, 17 and 26), there is ample basis for the Court to determine – as a matter

---

[2] *See* Doc. 30, p. 15 of 58 (Ex. C) (referring to benefits as being provided pursuant to the "University Health Services, Inc. Postretirement Benefits Plan"); *id.*, p. 17 of 58 (same); *id.*, p. 19 of 58 ("The plan was amended in 2021 to offer post-65 coverage under an Aetna Medicare Advantage Plan (at each participant's election). This plan change decreased the benefit obligation by $11.9 million . . ."); *id.*, p. 34 of 58 (Ex. D) (referring to the "University Health Services, Inc. Postretirement Benefits Plan"); *id.*, p. 36 of 58 ("University Health Care System is responsible for selecting the plan's funding policy, actuarial valuation methods, and asset valuation methods . . ."); *id.*, p. 37 of 58 ("University Health Care System is responsible for ensuring that such participant data provides an accurate description of all persons who are participants under the terms of the plan or otherwise entitled to benefits as of January 1, 2021 . . ."); *id.*, p. 42 of 58 (summarizing "Plan participation"); *id.*, p. 53 of 58 (summarizing "Plan provisions", including those applicable to participants in the Medicare supplement benefit program).

SGR/43009275.1

of law – that the retiree Medicare supplement benefit program Plaintiffs seek to challenge is an

ERISA plan.   As a result, Plaintiffs' Complaint remains subject to dismissal with prejudice

because, among other reasons set forth in Defendants' moving and reply briefs, all of their state-

law claims are preempted by ERISA.

Dated:  July 12, 2023.

Respectfully submitted,

*/s Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr., Georgia Bar No. 739636
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3503
ewasmuth@sgrlaw.com

Emily E. Friedman
(admission application in process)
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3948
efriedman@sgrlaw.com

*Attorneys for Defendants University Health*
*Services, Inc. and Piedmont Healthcare, Inc.*

SGR/43009275.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this day, I electronically filed the foregoing supplemental brief with the Clerk of Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

Date: July 12, 2023.

<div style="margin-left: 40%;">

*/s/ Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr., Georgia Bar No. 739636
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3503
ewasmuth@sgrlaw.com

*Attorneys for Defendants University Health*
*Services, Inc. and Piedmont Healthcare, Inc.*

</div>

SGR/43009275.1