```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

| | | |
|---|---|---|
| ROBERT M. TAYLOR, III, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 123-047 |
| | * | |
| UNIVERSITY HEALTH SERVICES, | * | |
| INC. and PIEDMONT HEALTHCARE, | * | |
| INC., | * | |
| Defendants. | * | |

O R D E R

Before the Court are Defendants' motion to dismiss (Doc. 4) and Plaintiffs' motion to remand (Doc. 8). For the following reasons, Defendants' motion to dismiss is **DENIED** and Plaintiffs' motion to remand is **GRANTED**.

I. BACKGROUND

Plaintiffs are 174 former employees of Defendant University Health Services, Inc. ("UHS"). (Doc. 1-1, at 1-3.) Plaintiffs allege they each entered a written agreement with UHS that, when they reached age sixty-five, UHS would furnish Plaintiffs "with a Medicare supplemental insurance policy at no cost" for life[1] if they met the following three criteria: (1) they worked until they

---

[1] The Court refers to this benefit as the "alleged benefit."

reached retirement age; (2) they were a UHS employee prior to January 1, 2005; and (3) they "had thirty (30) or more years of continuous service with [UHS]." (Id. at 4.)

According to Plaintiffs, in March 2022, Defendant Piedmont Healthcare, Inc. ("Piedmont") "took over the operations of University Hospital in Augusta, Georgia and assumed certain obligations of [UHS]," including UHS's agreement with Plaintiffs. (Id.) Thereafter, Defendants informed Plaintiffs "th[e alleged] benefit will not necessarily be effective in the future" and, rather than recognizing the agreement as a contractual obligation, Piedmont "takes the position that the[ alleged benefit is] now only being paid by it voluntarily." (Id. at 5.) Although "Piedmont continues to offer these health benefits and no changes are planned at this time," Plaintiffs filed this action in the Superior Court of Richmond County, Georgia. (Id. at 1, 22.) Plaintiffs allege Defendants' position that the agreement is a "voluntary program" instead of a contractual obligation creates "uncertainty as to whether the[ alleged] benefit[] will continue in the future as promised by [UHS]." (Id. at 6.) Moreover, Plaintiffs contend "this uncertainty causes damages to each Plaintiff . . . in that retirement plans for those on a fixed income are difficult to make when they face the uncertainty as to the payment of medical insurance in their older age." (Id.) Accordingly, Plaintiffs ask the Court for a declaratory judgment

2

requiring Defendants to honor the agreement they made with Plaintiffs by providing Plaintiffs the alleged benefit for each of their lives. (Id. at 7.)

Defendants removed the case to this Court on April 19, 2023. (Doc. 1.) They contend the Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because Plaintiffs' state-law claims "aris[e] out of Defendants' alleged failure to abide by the terms and conditions of an employer-sponsored benefit program providing Medicare supplement benefits to retirees," which is an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Id. at 1.) "Because [P]laintiffs seek to enforce their rights to benefits under an ERISA plan," Defendants argue ERISA provides the exclusive remedy for resolving Plaintiffs' claims, "and [P]laintiffs' state action is completely preempted by ERISA Section 502(a)." (Id. at 2.)

On April 26, 2023, Defendants filed a motion to dismiss, arguing, in part, that Plaintiffs lack Article III standing to bring suit in this Court. (Doc. 4, at 6-9.) Plaintiffs responded, asserting they have standing because they believe "they have a vested right" in the lifetime Medicare benefits Defendants "refused to acknowledge." (Doc. 11, at 4.) Defendants replied, and Plaintiffs filed a supplemental brief in opposition of

3

Defendants' motion. (Docs. 17, 22.) The Court now addresses the Parties' arguments.[2]

## II. LEGAL STANDARD

"The Constitution of the United States limits the subject matter jurisdiction of federal courts to 'Cases' and 'Controversies.'" CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006) (citing U.S. CONST. art. III, § 2). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Therefore, "[s]tanding 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" CAMP Legal Def. Fund, 451 F.3d at 1269 (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).

To establish standing, three elements must be met: (1) injury in fact, (2) traceability, and (3) redressability. Koziara v. City of Casselberry, 392 F.3d 1302, 1304-05 (11th Cir. 2004) (citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)). "The party invoking federal jurisdiction bears the burden of establishing these elements."

---

[2] Plaintiffs filed a motion to remand, which Defendants oppose. (Docs. 8, 16.) The arguments concerning that motion relate to whether Plaintiffs' complaint implicates ERISA. Although the Court finds remand proper, it does so because Plaintiffs lack Article III standing. Accordingly, the Court does not consider the arguments presented in Plaintiffs' motion to remand.

4

Lujan, 504 U.S. at 561 (citations omitted). Therefore, as the Parties seeking removal, "[Defendants] ha[ve] the burden of establishing federal jurisdiction — including [Plaintiffs'] standing." Jenkins v. Simply Healthcare Plans, Inc., 479 F. Supp. 3d 1282, 1285 (S.D. Fla. 2020) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936)). Because Plaintiffs seek declaratory relief, Defendants must show Plaintiffs "allege facts from which it appears there is a substantial likelihood that [they] will suffer injury in the future" to satisfy the injury element of standing. AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co., 938 F.3d 1170, 1179 (11th Cir. 2019) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346-47 (11th Cir. 1999)). Plaintiffs "must present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the [Plaintiffs] so that [they] 'personally will benefit in a tangible way' from court action." Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1204 (11th Cir. 1991) (quoting Warth, 422 U.S. at 508). "The injury must be real and immediate, not conjectural or hypothetical." Id. (citations and internal quotation marks omitted); accord Lujan, 504 U.S. at 560; Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006). "In the absence of standing, a court is not free to opine in an advisory capacity

about the merits of a plaintiff's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005).

### III. DISCUSSION

The Court finds remand is appropriate here because Plaintiffs lack Article III standing, thereby depriving the Court of subject-matter jurisdiction over this dispute. Plaintiffs brought this lawsuit because Defendants' position that they are "voluntarily" providing Plaintiffs the alleged benefit creates "uncertainty" for Plaintiffs, not because they have suffered any actual harm. (See Doc. 1-1, 5-6; see also Doc. 22, at 4.) The Court finds this purported injury is not "real and immediate," but rather is "conjectural or hypothetical." Cone Corp., 921 F.2d at 1204. Plaintiffs' purported injury is hypothetical considering Piedmont is still providing the alleged benefit and has stated it currently has no plans to stop doing so. (Doc. 1-1, at 22.) Plaintiffs' allegations show only "[t]here is at most a 'perhaps' or 'maybe' chance" Defendants will not provide the alleged benefit at some point in the future, but this possibility is insufficient to establish Article III standing. Bowen v. First Fam. Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000) (citation omitted).

Plaintiffs argue they have Article III standing because "the purpose of [Georgia's Declaratory Judgment Act] is to afford relief from uncertainty and insecurity." (Doc. 11, at 4 (citing City of

Atlanta v. Hotels.com, L.P., 674 S.E.2d 898, 901 (Ga. 2009))); see also O.C.G.A. § 9-4-1. This argument is unpersuasive. The purpose of Georgia's Declaratory Judgment Act relates to the relief Plaintiffs seek, not to whether they have Article III standing to litigate their claims in this Court. To allege a sufficient injury in fact when seeking declaratory relief, a plaintiff must allege facts showing there is a substantial likelihood they will suffer injury in the future. AA Suncoast, 938 F.3d at 1179 (quoting Malowney, 193 F.3d at 1346-47). By alleging Defendants' position merely creates "uncertainty" as to whether Defendants will continue to provide the alleged benefit, Plaintiffs have failed to meet this standard. Moreover, to the extent Plaintiffs argue they suffered a legally cognizable injury by declining other employment opportunities so they could receive the alleged benefit (Doc. 11, at 4-5), the Court finds this argument unavailing because Defendants are still providing Plaintiffs the alleged benefit and have not indicated they plan to stop providing it anytime soon. Therefore, the Court finds Plaintiffs' complaint fails to allege an injury in fact sufficient to provide Article III standing.

Defendants ask the Court to dismiss the case based, in part, on Plaintiffs' lack of standing. (Doc. 4, at 6-9.) Although the Court agrees Plaintiffs lack Article III standing, dismissal of this case is not proper at this time. "When a case is removed from state to federal court and the plaintiffs do not have Article

7

III standing in federal court, the district court's only option is to remand back to state court." Ladies Mem'l Ass'n, Inc. v. City of Pensacola, 34 F.4th 988, 994 (11th Cir. 2022) (citing McGee v. Solic. Gen. of Richmond Cnty., 727 F.3d 1322, 1326 (11th Cir. 2013); 28 U.S.C. § 1447). Defendants removed this case from the Superior Court of Richmond County to this Court. (Doc. 1.) Because the Court finds Plaintiffs lack Article III standing, the Court's only option is to remand this case to the Superior Court of Richmond County.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 4) is **DENIED**, and Plaintiffs' motion to remand (Doc. 8) is **GRANTED**. Accordingly, the Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Richmond County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of December, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA